Scott G. Gratton
BROWN LAW FIRM, P.C.
269 W. Front Street, Suite A
Missoula, MT 59802
Tel (406) 830-3248
Fax (406) 830-3745
sgratton@brownfirm.com

*Attorneys for Plaintiff Freedom Specialty Insurance Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| FREEDOM SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>LOGAN HEALTH,<br><br>Defendant. | Cause No.<br><br>COMPLAINT FOR DECLARATORY JUDGMENT |

Plaintiff, Freedom Specialty Insurance Company ("Freedom"), by and through its attorneys, Brown Law Firm, P.C., and for its Complaint for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201, 2202, and 1332 against Defendant, Logan Health, alleges as follows:

## **INTRODUCTION**

1. This is an insurance coverage action, wherein Freedom seeks declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202, and 1332.

1

## PARTIES

2.      At the time and commencement of this action, Freedom was and is an insurance company organized and existing under the laws of the State of Ohio with its principal office located in Scottsdale, Arizona. Freedom is a corporation and citizen of Ohio and Arizona.

3.      At the time and commencement of this action, and upon information and belief, Logan Health was and is a non-profit corporation organized and existing under the laws of the State of Montana with its principal place of business in Kalispell, Montana. Logan Health is a citizen of Montana.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), as this action is between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of costs and interest.

5.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) and (3) because a substantial part of the events giving rise to the claims occurred in Flathead County, Montana, which is in the Missoula Division of this District and Defendant is subject to the Court's personal jurisdiction.

## FACTUAL ALLEGATIONS

### The Policy

6.      Freedom issued Freedom 360° Private Company Package Policy No. PHF2108930 (the "Policy") to Defendant effective for the period from August 1,

2021 to August 1, 2022 (the "Policy Period"). A copy of the Policy is attached hereto as "Exhibit 1."

7. Subject to the Policy's terms, conditions, limitations, exclusions, and endorsements, the Policy provides coverage under a Directors & Officers and Entity Liability Coverage Section (the "D&O Coverage Section") and an Employment Practices Liability Coverage Section (the "EPL Coverage Section").

8. The D&O Coverage Section contains five Insuring Agreements, one of which is titled "Entity Liability Coverage" and states that Freedom shall pay, on behalf of Logan Health, "Loss" which Logan Health becomes legally obligated to pay resulting from a "Claim" first made against Logan Health during the Policy Period, or, if applicable, the "Extended Reporting Period," for a "Wrongful Act." (Ex. 1 at D&O Coverage Section § I(C).)

9. "Claim" is defined in the Policy to mean, in pertinent part, a "civil proceeding against an 'Insured' commenced by the service of a complaint or similar pleading upon the 'Insured' . . . ." (Ex. 1 at D&O Coverage Section § III(A)(2).)

10. "Loss" is defined in the Policy to mean, in relevant part, and subject to certain exceptions:

> the amount the "Insured" becomes legally obligated to pay as a result of any Claim, including "Defense Costs," compensatory, punitive, exemplary or multiple damages, judgments, settlements, an award of pre-judgment and post-judgment interest with respect to covered damages, and civil fines or civil penalties assessed against an "Insured Person" for an unintentional or non-willful violation of law     . . .

and claimant's attorney's fees awarded by a court against an "Insured," or in connection with a settlement, agreed to by the Insurer.

(Ex. 1 at D&O Coverage Section § III(H).)

11.  "Wrongful Act" is defined in the Policy to mean, in pertinent part, "any actual or alleged error, misstatement, misleading statement, neglect, breach of duty, omission or act committed or attempted by" (with respect to Insuring Agreement I(C)) of the D&O Coverage Section) Logan Health. (Ex. 1 at D&O Coverage Section § III(R)(1).)

12.  The Policy provides that Logan Health, not Freedom, shall have the duty to defend any Claim made against Defendant unless Logan Health elects to tender the defense of such Claim to Freedom. (Ex. 1 at General Terms & Conditions § IV(A), as amended by Endorsement No. 17.)

13.  The Policy states that Freedom shall not be liable to pay any Loss resulting from, and shall not be obligated to defend any Claim against Logan Health "based upon, attributable to, or arising out of bodily injury, sickness, mental anguish, humiliation, emotional distress, disease or death of any person, false arrest or imprisonment, invasion of privacy, assault, or battery . . ." (the "Privacy Exclusion"). (Ex. 1 at D&O Coverage Section § IV(C), as amended by Endorsement No. 6.)

14.  The Policy states that Freedom shall not be liable to pay any Loss resulting from, and shall not be obligated to defend any Claim against Logan Health "based upon, attributable to, arising from or in consequence of any liability

4

of [Logan Health] under any oral or written contract or agreement, provided that this Exclusion A. shall not apply to the extent that [Logan Health] would have been liable in the absence of such contract or agreement" (the "Contractual Liability Exclusion"). (Ex. 1 at D&O Coverage Section § V(A).)

15. "Defense Costs" is defined in the Policy to mean:

that part of a Loss consisting of reasonable costs, charges, fees (including attorneys' fees, experts' fees and "Electronic Discovery Defense Expenses") and expenses (other than regular or overtime wages, salaries, fees or benefits of the "Insured Persons") incurred:

1. in the defense or appeal of any Claim, including the premium for appeal, attachment or similar bonds, provided that [Freedom] shall not be obligated to apply for or furnish such bonds; or

2. to assist [Freedom], at [Freedom]'s request, in investigating a Claim.

(Ex. 1 at D&O Coverage Section § III(B).)

## The Underlying Actions

16. On or about March 9, 2022, Allison Smeltz, individually and on behalf of a proposed class, filed a Class Action Complaint against Logan Health, Case No. CV-22-28-GF-BMM-TJT, in the United States District Court for the District of Montana (the "Smeltz Federal Action"). A copy of the Complaint filed in the Smeltz Federal Action is attached hereto as "Exhibit 2."

17. Allison Smeltz, individually and on behalf of a proposed class, also filed a Class Action Complaint against Logan Health, Case No. DV-22-0124, in the Eighteenth Judicial District Court for Cascade County, Montana (the "Smeltz State Action"). A copy of the Complaint filed in the Smeltz State Action is

attached hereto as "Exhibit 3."

18. On or about March 11, 2022, Betty Fletcher, individually and on behalf of all others similarly situated, filed a Class Action Complaint against Logan Health, Case No. DV-15-2022-0000271-NE, in the Eleventh Judicial District Court for Flathead County, Montana (the "Fletcher Action"). A copy of the Complaint filed in the Fletcher Action is attached hereto as "Exhibit 4."

19. On or about March 16, 2022, Farrah Bereta and Illyhia Brik, individually and on behalf of all others similarly situated, filed a Class Action Complaint against Logan Health, Case No. DV-15-2022-0000303-NE, in the Eleventh Judicial District Court for Flathead County, Montana (the "Bereta Action"). A copy of the Complaint filed in the Bereta Action is attached hereto as "Exhibit 5."

20. On or about April 1, 2022, Patricia Tafelski, Hazel & John Conway, Timothy & Bonnie Leahy, Mark Reiten, and Rhonda Stephens-Block, individually and on behalf of all others similarly situated, filed an Amended Class Action Complaint against Logan Health, Case No. ADV-22-0108, in the Eighth Judicial District Court for Cascade County, Montana (the "Tafelski Action" or, together with the Smeltz Federal Action, the Smeltz State Action, the Fletcher Action, and the Bereta Action, the "Underlying Actions"). A copy of the Amended Complaint filed in the Tafelski Action is attached hereto as "Exhibit 6."

21. In the Underlying Actions, the underlying plaintiffs—former patients

of Logan Health—allege that, on or about November 22, 2021, Logan Health learned that an unauthorized party had gained access to a file server on its network that contained shared folders for the medical center's business operations (the "Security Breach"). (Ex. 2 ¶¶ 1, 6-7, 9; Ex. 3 ¶¶ 1, 5-6, 8; Ex. 4 ¶¶ 1-5; Ex. 5 ¶¶ 1-5; Ex. 6 ¶¶ 5-11, 13-15.)

22. The underlying plaintiffs allege that Logan Health conducted an investigation that concluded in February 2022 and reported that the Security Breach had compromised the personal identifying information and protected health information of patients. (Ex. 2 ¶¶ 1, 6-7, 9; Ex. 3 ¶¶ 1, 5-6, 8; Ex. 4 ¶¶ 1-5; Ex. 5 ¶¶ 1-5; Ex. 6 ¶¶ 5-11, 13-15.)

23. According to the underlying plaintiffs, the Security Breach was caused by Logan Health's failure to maintain proper security measures and has caused the private personal information of patients to be stolen and potentially misused. (Ex. 2 ¶¶ 1, 6-7, 9; Ex. 3 ¶¶ 1, 5-6, 8; Ex. 4 ¶¶ 1-5; Ex. 5 ¶¶ 1-5; Ex. 6 ¶¶ 5-11, 13-15.)

24. In the Smeltz Federal Action and the Smeltz State Action, the underlying plaintiff asserts the following causes of action against Logan Health: (1) negligence; (2) invasion of privacy; (3) breach of implied contract; (4) unjust enrichment; and (5) punitive damages.[1] (Ex. 2 ¶¶ 28-50; 58-65; Ex. 3 ¶¶ 27-57.)

---

[1] The underlying plaintiff in the Smeltz Federal Action also asserts a cause of action for violation of Montana's Consumer Protection Act. (Ex. 2 ¶¶ 51-57.)

The underlying plaintiff seeks to have the action certified as a class action, injunctive relief, compensatory, statutory, and punitive damages, interest, attorneys' fees, and costs. (Ex. 2 at 20-21; Ex. 3 at 15.)

25.     In the Fletcher Action, the underlying plaintiff asserts the following causes of action against Logan Health: (1) negligence; (2) breach of implied contract; (3) unjust enrichment/quasi-contract; (4) breach of fiduciary duty; (5) breach of confidence; (6) bailment; (7) invasion of privacy; (8) violation of Montana's Uniform Healthcare Information Act; (9) punitive damages; and (10) declaratory relief. (Ex. 4 ¶¶ 71-168.) The underlying plaintiff seeks certification of the class, injunctive relief requiring Logan Health to strengthen its security systems, punitive damages, attorneys' fees, costs, disgorgement and restitution, and interest. (Ex. 4 at 38.)

26.     In the Bereta Action, the underlying plaintiffs assert the following causes of action against Logan Health: (1) negligence; (2) breach of express contract; (3) breach of implied contract; (4) breaches of fiduciary duty; (5) violation of MCA § 30-14-1704 *et. seq.*; and (6) unjust enrichment. (Ex. 5 ¶¶ 59-131.) The underlying plaintiffs seek to have the action prosecuted as a class action, injunctive and/or declaratory relief requiring Logan Health to secure and encrypt all confidential information, compensatory and general damages, interest, attorneys' fees, and costs, and restitution and disgorgement. (Ex. 5 at 28.)

27.     In the Tafelski Action, the underlying plaintiffs assert the following

causes of action against Logan Health: (1) negligence; (2) breach of implied contract; and (3) unjust enrichment. (Ex. 6 ¶¶ 68-97.) The underlying plaintiffs seek an order certifying the case as a class action, actual and statutory damages, and attorneys' fees and costs. (Ex. 6 at 26.)

### Freedom's Coverage Position

28. After Logan Health tendered the Underlying Actions to Freedom for coverage under the Policy, on or about May 6, 2022, Freedom sent a letter to Logan Health in which it accepted coverage for the Underlying Actions under the Policy subject to a full reservation of its rights at law and under the Policy. A copy of Freedom's May 6, 2022 letter is attached hereto as "Exhibit 7."

29. In Freedom's May 6, 2022 letter, Freedom specifically reserved its rights with respect to the application of the Privacy Exclusion and the Contractual Liability Exclusion, among other reservations.

### COUNT I – DECLARATORY JUDGMENT AS TO APPLICATION OF PRIVACY EXCLUSION

30. Freedom hereby adopts by reference the allegations contained in paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. An actual, present, and justiciable controversy exists concerning whether the Privacy Exclusion bars coverage for the Underlying Actions under the Policy.

32. Freedom requests that the Court declare that, pursuant to the application of the Privacy Exclusion, the Policy affords no coverage for the

Underlying Actions and, as such, Freedom is not obligated to reimburse Logan Health for Defense Costs or indemnify Defendant in connection with the Underlying Actions.

## COUNT II – DECLARATORY JUDGMENT AS TO APPLICATION OF CONTRACTUAL LIABILITY EXCLUSION

33. Freedom hereby adopts by reference the allegations contained in paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34. An actual, present, and justiciable controversy exists concerning whether the Contractual Liability Exclusion bars coverage for the Underlying Actions.

35. Freedom requests that the Court declare that, pursuant to the application of the Contractual Liability Exclusion, Freedom is not obligated to reimburse Logan Health for all or a portion of Defense Costs or to indemnify Defendant for all or a portion of any settlement or judgment entered in connection with the Underlying Actions.

## PRAYER FOR RELIEF

WHEREFORE, Freedom respectfully requests entry of a Declaratory Judgment in its favor against Logan Health, declaring that:

   i.   pursuant to application of the Privacy Exclusion, the Policy affords no coverage for the Underlying Actions and, as such, Freedom is not obligated to reimburse Logan Health for Defense Costs or indemnify Defendant in connection with the Underlying Actions;

10

  ii. pursuant to the application of the Contractual Liability Exclusion, Freedom is not obligated to reimburse Logan Health for all or a portion of Defense Costs or to indemnity Defendant for all or a portion of any settlement or judgment entered in connection with the Underlying Actions;

  iii. awarding Freedom its costs, expenses, and attorneys' fees; and

  iv. awarding Freedom all other relief that the Court deems just and equitable.

  DATED this 18th day of May, 2022.

         BROWN LAW FIRM, P.C.

         By: /s/ Scott G. Gratton
          *Attorneys for Plaintiff Freedom*
          *Specialty Insurance Company*